UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose PARAMO–MORALES,
Defendant–Appellant.

No. 10–10133
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 23, 2010.

Kim Dammers, Stephanie Elaine Ga-
bay–Smith, John Andrew Horn, Sally
Yates, Assistant U.S. Attorney, Office of
United States Attorney, Atlanta, GA, for
Plaintiff–Appellee.

Colin M. Garrett, Federal Defender Pro-
gram, Atlanta, GA, for Defendant–Appel-
lant.

Before BLACK, PRYOR and
ANDERSON, Circuit Judges.

PER CURIAM:

Jose Paramo–Morales appeals his 41–
month sentence imposed following his
guilty plea to a single count of illegally
reentering the United States after being
removed from the country following a con-
viction for committing an aggravated felo-
ny, in violation of 8 U.S.C. § 1326(a) and
(b)(2). On appeal, Paramo–Morales ar-
gues that the sentence was substantively
unreasonable under 18 U.S.C. § 3553(a)
because his criminal history category over-
represented the seriousness of his criminal
record and other factors mitigated in his
favor.

We review the sentence imposed, wheth-
er inside or outside of the advisory Guide-
lines range, for reasonableness, using an
abuse of discretion standard. *Gall v.
United States*, 552 U.S. 38, 51, 128 S.Ct.
586, 597, 169 L.Ed.2d 445 (2007). Unrea-
sonableness may be procedural or substan-
tive. *United States v. Hunt*, 459 F.3d
1180, 1182 n. 3 (11th Cir.2006). In this
appeal, Paramo–Morales challenges only
the substantive reasonableness of his sen-
tence. Thus, any procedural challenge to
his sentence has been abandoned. *See
United States v. Cunningham*, 161 F.3d
1343, 1344 (11th Cir.1998) (issue not pur-
sued on appeal deemed abandoned).

Substantively, the sentence must be suf-
ficient, but not greater than necessary, to
reflect the purposes set forth in § 3553(a).
18 U.S.C. § 3553(a). The factors in 18
U.S.C. § 3553(a) are:

(1) the nature and circumstances of the
offense and the history and characteris-
tics of the defendant; (2) the need to
reflect the seriousness of the offense, to
promote respect for the law, and to pro-
vide just punishment for the offense; (3)

**554**

the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir.2005) (citing 18 U.S.C. § 3553(a)). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," and this Court "will not substitute [its] judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir.2007) (internal quotation marks omitted). We will remand for resentencing only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir.2008) (internal quotation marks omitted).

At the sentencing hearing, the district court heard and acknowledged Paramo–Morales' argument that his criminal history score overstated his prior criminal history because most of his prior offenses were for DUI or otherwise alcohol related, and other arguments he offered in mitigation. The district court then concluded that although Paramo–Morales' criminal record did not contain the most serious types of offenses, his lengthy criminal history demonstrated that he had no respect for and refused to abide by the law. In this case, we are not left with the definite and firm conviction that the district court committed a clear error of judgment when

it concluded that, even in light of his other arguments offered in mitigation, Paramo–Morales' lack of respect for the law dictated a sentence at the high end of the advisory guidelines range. This sentence is not outside the range of reasonable sentences dictated by the facts of the case. Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**